Scott M. Karson (SMK-9195)
LAMB & BARNOSKY, LLP
534 Broadhollow Road
Melville, New York 11747
Telephone: (516) 694-2300
Facsimile: (516) 694-2309

Attorneys for Plaintiff
ENCORE CREDIT CORP.

JUDGE BRIEANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENCORE CREDIT CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ATWOOD and JAN ATWOOD,<br><br>Defendants. | Case No. 07 CIV CV 2689<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

FILED
2007 APR -2 PM 1:14
S.D. OF N.Y.

ENCORE CREDIT CORP. ("Encore"), by its attorneys LAMB & BARNOSKY, LLP, respectfully alleges as follows:

**Nature of Action**

1. Encore brings this action to obtain a declaratory judgment respecting the parties' rights and duties under the Truth in Lending Act ("TILA"; 15 U.S.C. §1601 *et seq.*) in connection with defendants James Atwood and Jan Atwood's ("the Atwoods") election to rescind a home loan secured by a mortgage in the principal sum of $476,000.00. Encore requests that the Court exercise its equitable discretion under 15 U.S.C. §1635 and 12 C.F.R. §226.23(d)(4) to modify the rescission procedure so as to adequately protect Encore while also effectuating the Atwoods' right to rescind the loan.

**Parties**

2. Encore is a California corporation with its principal place of business in Irvine, California. It originates, buys, sells, and services home mortgage loans.

3. Upon information and belief, the Atwoods are natural persons, citizens of the State of New York and residents of Carmel, County of Putnam, State of New York. Upon information and belief, the Atwoods reside at and own the real property commonly known as 52 Brett Road, Carmel, New York (the "Atwood Property").

**Jurisdiction**

4. The Court has subject matter jurisdiction of this action under 28 U.S.C. §§1331 and 1337(a) as it arises under the laws of the United States and an Act of Congress regulating commerce; namely, TILA, 15 U.S.C. §1635.

5. The Court also has subject matter jurisdiction of this case under 28 U.S.C. §1332(a), as it is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The Court has personal jurisdiction over the Atwoods as they reside in the State of New York.

7. This case involves an actual controversy within the Court's subject matter jurisdiction. A judicial declaration is necessary regarding the rights, duties and legal relations between Encore and the Atwoods for the reasons stated below. The declaratory relief Encore requests is authorized by 28 U.S.C. §§2201, 2202, Fed. R. Civ. P. 57, 15 U.S.C. §1635 and 12 C.F.R. §226.23(d)(4).

**Venue**

8. Venue is properly laid in the Southern District of New York because the Atwoods live in Carmel, Town of Putnam, State of New York, a substantial part of the events giving rise to the action occurred there, and the property which secures the Atwoods' home mortgage loan is located there. 28 U.S.C. §1391(a).

**Factual Allegations**

9. On or about January 26, 2007, the Atwoods applied for and obtained a home loan from Encore in the principal sum of $476,000.00, which loan was secured by a first mortgage on the Atwood Property (the "Atwood Loan").

10. On or about March 6, 2007, some five weeks after the loan proceeds had been disbursed to the Atwoods, Encore discovered, during a post-closing audit of the Atwood Loan, that the signed copy of the Federal Truth in Lending Disclosure and Itemization of Amount

Financed provided at closing stated that there may be a prepayment penalty. In fact, there is no prepayment penalty associated with the Atwood Loan.

11. On or about March 6, 2007, Encore wrote to the Atwoods, informing them of the error it had discovered, sending them each a corrected TILA disclosure statement, and a new Notice of Right to Cancel the Atwood Loan under 15 U.S.C. §1635.

12. On or about March 12, 2007, the Atwoods exercised their right to cancel and rescind the Atwood Loan by signing the Notice of Right to Cancel and mailing it to Encore. A true copy of the executed and mailed Notice of Right to Cancel is attached as Exhibit A.

13. Encore acknowledged receipt of the Atwoods' election to rescind the Atwood Loan and confirmed that Encore was prepared to unwind the transaction in accordance with TILA and Regulation Z upon receipt of confirmation from the Atwoods that they were prepared to return the original principal amount of the Atwood Loan, less all amounts charged Atwood in connection with the transactions, such as interest paid to date and closing costs. The Atwoods were advised that because TILA imposes a twenty (20) day deadline on the creditor to initiate the rescission process, Encore would be forced to commence this declaratory judgment action unless the parties could immediately reach an agreement on how to effectuate the rescission of the Atwood Loan which the Atwoods had requested.

14. Upon information and belief, the Atwoods continue to retain the proceeds of the Atwood Loan and have heretofore failed and refused to make any arrangements to fulfill their obligation to return net loan proceeds as required under 15 U.S.C. §1635(b) and 12 C.F.R. §226.23(d)(3) for return of the principal amount of the Atwood Loan contemporaneously with Encore's delivery and/or recordation of a Satisfaction of Mortgage of the mortgage that secures the Atwood Loan.

15. Encore remains ready, willing and able to proceed under any reasonable procedures that adequately protect Encore while simultaneously effectuating the Atwoods' right to rescind the Atwood Loan.

16. It would be inequitable to require that Encore deliver and/or record a Satisfaction of Mortgage of the mortgage that secures the Atwood Loan without reasonable procedures in place to ensure that Encore is repaid the net loan proceeds paid to or on behalf of the Atwoods in connection with the Atwood Loan. If Encore records a Satisfaction of Mortgage without reasonable procedures in place to assure repayment of the net loan proceeds, Atwood may convey or further encumber the property, depriving Encore of any practical means of assuring repayment of the large sum Atwood would then owe it.

**Encore's First Cause of Action for Declaratory Relief**

17. Encore realleges and incorporates paragraphs 1-17 above.

18. An actual controversy, within this Court's jurisdiction, has arisen and now exists between Encore and the Atwoods about their respective rights and obligations in connection with effectuating the Atwoods' election to rescind the Atwood Loan. A judicial declaration is necessary regarding the rights and legal relations between Encore and Atwood with respect to the appropriate procedure for rescinding the Atwood Loan.

19. Encore requests that the Court exercise its inherent equitable authority, as recognized in 15 U.S.C. §1635(b) and 12 C.F.R. §226.23(d)(4), to establish reasonable and equitable procedures that adequately protect Encore while effectuating the Atwoods' right to rescind the Atwood Loan under 15 U.S.C. §1635.

20. Encore is entitled to the application of reasonable procedures requiring that the Atwoods return the net loan proceeds, paid to them or for their benefit under the Atwood Loan, at the same time that Encore delivers and/or records a Satisfaction of Mortgage of the mortgage securing the Atwood Loan.

**WHEREFORE,** Encore prays that the Court:

a. Enter a declaratory judgment establishing reasonable and equitable procedures that adequately protect Encore while effectuating the Atwoods' right to rescind the Atwood Loan, including a requirement that the Atwoods return the net loan proceeds paid to them or on

their behalf from the Atwood Loan simultaneously with delivery and recordation a Satisfaction of Mortgage of the mortgage securing the Atwood Loan.

b. Tax costs of suit against Atwood, and

c. Award such other and further relief as the Court deems just and proper.

DATED: April 2, 2007

LAMB & BARNOSKY, LLP

By: ______________________
Scott M. Karson (SMK-9195)

Attorneys for Plaintiff
ENCORE CREDIT CORP.
534 Broadhollow Road, Suite 210
P.O. Box 9034
Melville, New York 11747
(631) 694-2300

To: James Atwood and Jan Atwood
52 Brett Road
Carmel, New York 10512

#172609 v1 -f